| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

VAUDA VIRGLE SHIPP, JR., §
　§
　　　　Petitioner, §
　§
versus § CIVIL ACTION NO. 1:16-CV-71
　§
RACHEL CHAPA, §
　§
　　　　Respondent. §

# MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Vauda Virgle Shipp, Jr., an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the above-styled petition should be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner objects to the Report asserting his enhancement under the Armed Career Criminal Act is illegal. In support of his objections, petitioner cites the recent Supreme Court decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Petitioner argues that since he does not fit the criteria for the sentencing enhancement he must be resentenced.

After careful consideration, the Court concludes petitioner's objections should be overruled. Petitioner complains of the sentencing court's application of a sentencing enhancement under the Armed Career Criminal Act. However, as the Magistrate Judge observed, a claim of actual innocence of a sentencing enhancement is not a claim of actual innocence of the crime of conviction. *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction to warrant habeas review under § 2241); *Dority v. Roy*, 402 F. App'x 2 (5th Cir. Nov. 8, 2010) (claim of actual innocence of Armed Career Criminal Act enhancement is not sufficient to satisfy savings clause); *Hartfield v. Joslin*, 235 F. App'x 357, 358 (5th Cir. 2007) (claim of actual innocence of career offender enhancement is not sufficient to satisfy savings clause). Accordingly, petitioner's petition does not meet the criteria required to support a claim under the savings clause of 28 U.S.C. § 2255. *See Padilla v. United States*, 416 F.3d 424 (5th Cir. 2005); *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001).

Petitioner was convicted in the United States District Court for the District of Oklahoma. *See United States v. Shipp*, 233 F. App'x 847 (10th Cir. 2007). While petitioner may have an available avenue to present his claim as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in the court of conviction, he is not entitled to relief under § 2241. Thus, this petition should be dismissed.

**ORDER**

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is

**ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 14th day of February, 2017.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE